QUESTIONS PRESENTED AND CONCLUSIONS
Question: Must a fire protection district fight fires within the boundaries of the district?
Answer: A fire protection district must fight fires within the district only under certain circumstances. The duty to fight fires arises when the district acquires fire fighting equipment, and only applies to fires on private property.
A fire protection district is under no legal obligation to acquire fire fighting equipment. Even the fact that a fire protection district collects taxes on property and structures within the district does not create a duty requiring the district to obtain equipment and fight fires.
When a fire ignites on private property within a fire protection district, the fire chief must respond if the district has fire fighting equipment. If the fire protection district does not have fire fighting equipment, it is the sheriff's responsibility to fight the fire. If a fire ignites within a district on property that is not private, the sheriff has primary fire response responsibilities. The sheriff may request assistance from other fire protection entities.
Question: May a fire district transfer its fire fighting responsibility by contract to another fire protection service provider?
Answer: Yes. A fire protection district may contract with a third party to provide fire protection services.
 DISCUSSION I. Introduction
The questions addressed in this opinion require interpretation of the network of statutory provisions that address the fire protection duties of the sheriffs and the state's fire protection districts. Certain settled legal approaches govern that statutory interpretation. For example, the words and phrases of a statute must be given their plain and ordinary meaning. Town of Telluridev. Lot Thirty-Four Venture, L.L.C., 3 P.3d 30, 35 (Colo. 2000);Common Sense Alliance v. Davidson, 995 P.2d 748 (Colo. 2000). If doing so leads to absurd results, the inquiry proceeds further.State v. Nieto, 993 P.2d 493, 501 (Colo. 2000); Lagal v.Lackener, 969 P.2d 224 (Colo. 1998). When interpreting statutes one must harmonize their meanings and interpret their words in a consistent manner. General Electric Co. v. Niemet, 866 P.2d 1361,1366 (Colo. 1994). These principles are used in the opinion that follows.
II. Do fire districts that collect taxes on property andstructures have a duty to fight fires in their own districts?
 A. Overview of Fire Protection Responsibilities of Sheriffs and Fire Protection
 Districts.
Both sheriffs and the chiefs of fire protection districts have statutory responsibilities to fight fires. Unfortunately, however, the statutes that govern these responsibilities are not clear.
In addition to their common law duties and powers, sheriffs may have duties and powers prescribed or modified by state constitutional or statutory provisions, or by court rule. In Colorado, certain statutory fire fighting duties are delineated in the statutes, though others are not. For example, the sheriff is the fire warden of the county in the case of prairie or forest fires.[1]§ 30-10-512 and § 30-10-513, C.R.S. (2000). The sheriff may take charge of efforts to control or extinguish such fires or may assist other governmental authorities to do so. § 30-10-513, C.R.S. (2000).
In appropriate circumstances, a sheriff may request the assistance of a fire protection district to fight a fire on private property:[2]
 The sheriff of any county may request assistance from a fire protection district or municipality in controlling or extinguishing a fire occurring on private property if, in the judgment of such sheriff, the fire constitutes a danger to the health and safety of the public or a risk of serious damage to property. Except as provided in subsection (3) . . . , any fire protection district or municipality assisting in controlling or extinguishing such fire is entitled to reimbursement from the property owner on whose property the fire occurred or from the party responsible for the occurrence of such fire . . . .
§ 30-10-513.5 (1)(a), C.R.S. (2000) (emphasis added).
Specific statutory provisions also outline powers and duties of fire protection districts. See § 32-1-1001 et seq., C.R.S. (2000). Traditionally, fire protection districts have served a necessary function with regard to fire protection by providing educational, inspection and other services. See e.g., § 32-1-1002
(3)(b)(II)(B), C.R.S. (2000) (districts have "the authority to enter into all structures and upon all premises within their respective jurisdictions at reasonable times . . . to conduct an inspection"); § 32-1-1002(1)(c), C.R.S. (2000) (districts are allowed to provide ambulance services); § 9-3-103, C.R.S. (2000) (granting sheriffs, the fire chiefs of every town, city, fire protection district, and safety inspectors full and concurrent jurisdiction to investigate safety issues related to industrial and commercial buildings and equipment). Some districts have few capabilities beyond a limited subset of what districts are allowed to undertake. Other districts have voluntarily undertaken expanded duties. In either case, districts are established to provide services in specific geographical areas established under Article 1 of Title 32. Within a district's boundaries, the chief of the fire department supervises fire fighting. § 32-1-1002 (3)(a), C.R.S. (2000). He or she can enter private property and buildings, and no one can interfere with the chief's inspections. § 32-1-1002 (3)(b)(II)(b) C.R.S. (2000).
There is an important legal difference between the ability of fire protection districts to exercise powers in their discretion, on the one hand, and the duties fire protection districts must carry out, on the other hand. See City of Denver v. Capelli, ,4 Colo. 25, 27 (Colo. 1877) (recognizing that as long as the city authorities failed or refused to exercise their discretionary powers, no liability attaches; but if that power is exercised, the city is bound for any failure and cannot escape liability); seealso Chase v. Board of Com'rs of Boulder County, 37 Colo. 268,279, 86 P. 1011,1015 (1906) (noting that county assessor and the county treasurer had both power and duty to discover omitted assessable property and tax the same). A district has the discretion to choose whether to assume fire protection duties on private property, a choice that follows from its decision whether to purchase or otherwise acquire fire protection equipment.Compare § 32-1-1002(1) and (3), C.R.S. (2000) (powers of districts and duties of districts).
 The board of any fire protection district has the following powers:
 (a) To acquire, dispose of, or encumber fire stations, fire protection and fire fighting equipment, and any interest therein, including leases and easements;
* * *
 (c) To undertake and to operate as a part of the duties of the fire protection district an ambulance service, an emergency medical service, a rescue unit, and a diving and grappling service;
§ 32-1-1002, C.R.S. (2000).[3] And, by statute, the fire district chief has the following authority:
 The chief of the fire department in each fire protection district
 . . . shall have authority over the supervision of all fires within the district, except as otherwise provided by law[.]
§ 32-1-1002, C.R.S. (2000). I conclude from these statutory provisions that a fire protection district will take an active role fighting fires within its district if the district has chosen to exercise its powers to acquire equipment.
Harmonizing all of these statutes leads to my conclusion that the legislature intended to give the fire chiefs authority over fires occurring on private property within their districts. GeneralElectric Co., 866 P.2d at 1366. This interpretation is consistent with powers granted to districts. See e.g., § 32-1-1002(1)(a) and (2), C.R.S. (2000) (purchase equipment and hire and fire employees).[4] It would not make sense to give districts these powers without giving them authority to supervise fires within their respective districts.
While fire protection districts are empowered to purchase fire protection equipment and to provide fire protection services for private properties within the district, they do not have a duty to do so. No affirmative duty is created by statute. See §32-1-1002(3), C.R.S. (2000) (duties of fire districts).[5] If the district, in its discretion, decides that it cannot or will not buy necessary equipment, it has no corresponding duty to provide fire protection on private property. Indeed, some districts in Colorado have no resources to carry out fire fighting functions.
In the absence of a fire protection district with a duty to fight fires on private property, this function becomes the responsibility of the sheriff. Moreover, the sheriff always has fire response duties in the first instance for public areas. The sheriff can attempt to recruit other agencies, including a fire protection district, to assist with the fire.[6] The fact that fire fighting funds are provided to the districts does not alter the analysis.
 B. Funding for Fire Protection Duties
Section 30-10-513 of the Colorado Revised Statutes addresses how funds may be secured to assist the various fire protection entities with their fire protection duties:
. . . The board of county commissioners is authorized to levy a special tax . . . for the purpose of creating a fund that shall be appropriated, after consultation with representatives of fire departments, fire protection districts, and fire authorities in the county, to prevent, control, or extinguish such fires anywhere in the county and to fix the rate of levy[.] . . .
§ 30-10-513, C.R.S. (2000) (emphasis added); see also §32-1-1101(1)(a), C.R.S. (2000) (a board of directors of a special district may, on behalf of a special district, "levy and collect ad valorem taxes on and against all taxable property within the special district").[7] This statute does not direct whether or how fire protection funds will be distributed. Id. Rather, the statute merely states that:
 The board of county commissioners of any county may allow the sheriff, . . ., municipal or county fire departments, fire protection districts, fire authorities, and [others] . . . such compensation and other expenses necessarily incurred as it may deem just.
Id. (emphasis added). Thus, a board of county commissioners exercises wide discretion when it reimburses each entity's fire fighting expenses. Id.
The board of county commissioners' ability to impose a mill levy does not alter this analysis. If a fire protection district reduces the service it provides, a corresponding reduction in the allocation of funds by the board of county commissioners for fire protection services might follow. At a minimum, of course, the voters may not support a tax if corresponding services are not made available.
III. May fire districts transfer their responsibility to fight afire, if any, by contracting such services to another fireprotection service provider?
 A. Contracting Fire Protection Services Section 29-1-203 of the Colorado Revised Statutes provides, in pertinent part, that:
 Governments may cooperate or contract with one another to provide any function, service, or facility lawfully authorized to each of the cooperating or contracting units, including the sharing of costs, the imposition of taxes, or the incurring of debt, only if such cooperation or contracts are authorized by each party thereto with the approval of its legislative body . . .
§ 29-1-203, C.R.S. (2000) (emphasis supplied). The term "government" is defined as:
 any political subdivision of the state, any agency or department of the state government or of the United States, a federally recognized tribal entity. . .
§ 29-1-202(1), C.R.S. (2000) (emphasis added). In turn, a "political subdivision" includes:
 a county, city and county, city, town, service authority, school district, local improvement district, law enforcement authority, city or county housing authority, or water, sanitation, fire protection, metropolitan, irrigation, drainage, or other special district . . .
§ 29-1-202(2), C.R.S. (2000) (emphasis added).
 Thus, it is entirely proper for counties or districts to form an "authority" and to delegate fire protection duties to that authority. An "authority" is a separate legal entity created by intergovernmental agreement between a city and a special district, or between two or more special districts.
The Attorney General addressed a question regarding the delegation of fire protection duties in 1990. See Op. Atty. No. OLS9003661.ARU, 1990 WL 514708 (Nov. 14, 1990). This opinion declares that a fire authority is authorized to adopt and enforce its own fire code. This conclusion was based on the fact that a fire protection authority established by the Lakewood and Bancroft fire protection districts would be a separate legal entity possessing the powers of the districts. Because each district independently had the power to enforce its own ordinances, the fire authority would have the same enforcement power possessed by the districts. Id.; see also Durango Trans., Inc. v. City ofDurango, 824 P.2d 48 (Colo.Ct.App. 1991); Op. Atty. Gen. No. 79 LO LG AGBCY, 1979 WL 34491 (April 27, 1979) (concluding that eight fire protection entities could be consolidated into a countywide district).
Although the day to day fire protection activities can certainly be delegated, a district should retain ultimate supervision over the third-party (particularly if a matter involves a policy-making call). Big Sandy School District v. Carroll, 164 Colo. 173,433 P.2d 325 (1967) (matters involving considerable judgment and discretion may not be delegated without the express authorization of the General Assembly); Department of Human Services v. May,1 P.3d 159, 171 (Colo. 2000) (programming at juvenile corrections facility was not an unauthorized delegation to another state agency of the Department of Human Services' duty to control its educational programs, where the Department retained significant authority and ultimate accountability for the program's success or failure). The entity to whom a duty has been delegated may be entitled to protections similar to those available to the entity engaging in the delegation. See e.g., Op. Atty. Gen. No. OLS9003661.ARU (Nov. 14, 1990) (concluding that the fire authority and its employees would be covered by the Colorado Governmental Immunity Act).
 CONCLUSION
The fact that a fire district collects a tax on property and structures within that district does not create a duty for that district to fight fires. A fire protection district is responsible for fire fighting when it has undertaken to provide fire protection services by purchasing necessary fire protection equipment. Where there has been no such undertaking by a district, the sheriff is principally responsible for fire response duties for private property fires and public property fires.
Fire districts are statutorily authorized to transfer their fire protection responsibilities. They may contract for such services with another fire service provider.
Issued this 23rd day of July, 2001.
KEN SALAZAR Attorney General
ALAN GILBERT Solicitor General
BARBARA McDONNELL Deputy Attorney General
TERRY FOX Assistant Attorney General
Public Officials Unit, State Services Section
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
 FOOTNOTES
[1] Section 30-10-513 of the Colorado Revised Statutes sets forth the fire protection duties of the sheriff of each county:
It is the duty of the sheriff . . . , in case of any forest or prairie fire, to assume charge thereof or to assist other governmental authorities in such emergencies for controlling or extinguishing such fires, and, for assisting in so doing, they may call to their aid such persons as they may deem necessary. The state forester may assume the duty with concurrence of the sheriff. . . .
§ 30-10-513, C.R.S. (2000) (emphasis supplied); see also §30-10-512, C.R.S. (2000) (providing that the "sheriff of every county, in addition to other duties, shall act as fire warden of his respective county in case of prairie or forest fires"). Section 30-10-513 was amended effective May 25, 2000 and no attempt was made to change the duties of the sheriff with regard to forest or prairie fires. In fact, the 2000 amendments were quite minor. See H.B. 00-1283.
[2] A "fire occurring on private property" means a fire that is not located within a fire protection district or municipality that provides fire protection services. See § 30-10-513.5 (1)(b)(I), C.R.S. (2000).
[3] Note, also that the board of county commissioners, is authorized by statute to:
[E]rect firehouses, and provide fire equipment for the extinguishment of fires and to provide for the use and management of the same; to determine the powers and duties of the members of the fire department in taking charge of property to the extent necessary to bring under control and extinguish any fire and to preserve and protect property not destroyed by fire . . . .
§ 30-35-201, C.R.S. (2000).
[4] The question of who is hired and what type of equipment is used is integrally related to the supervision over fires occurring within the district.
[5] The prescribed duties are principally inspection and investigation duties. § 32-1-1002(3), C.R.S. (2000).
[6] The responsibility of the sheriff for forest fires, even where that fire occurs within a fire protection district, is further supported by the following statutory provision:
In connection with its powers and duties concerning the protection of the forest lands of the state from fire, the [State Board of Agriculture] may cooperate with the United States forest service, the state board of land commissioners, and the counties for such protection and may advise and aid in preventing forest fires on state and private lands in the national forests in the state; but nothing contained in this section shall be construed as transferring to the board the duties or responsibilities of the sheriffs of the various counties with respect to forest fire control laws.
§ 23-30-203, C.R.S. (2000) (emphasis added). With regard to private property, the sheriff is authorized to ask for assistance from a fire protection district or municipality to control a fire that is a danger to the health and safety of the public or poses a severe risk of property damage. § 30-10-513.5, C.R.S. (2000). The fire protection district or municipality may then look to the private property owner for reimbursements of its expenses. Id.
[7] The mill levies are, of course, subject to the Taxpayers Bill of Rights (TABOR) Amendment.